DAVID MONTEITH <i>v.</i> THOMAS CASH. (<i>a</i>)

Where a party in a justice's court, pleads to the jurisdiction, and also to the merits, the justice may disregard the former plea, and try the cause upon the merits.  By pleading in bar, the right to a trial upon the plea in abatement is lost.

A justice of one of the district courts may, at the request of the plaintiff, depute some person other than the plaintiff to serve the summons.  (See R. L. of 1813, p. 384, § 117.)

THIS suit was brought in the sixth district court.  The summons was not served by a constable, but by a person specially deputed by the justice for the purpose, and was returned with a written statement that the service had been made.

Both parties, on the return day, appeared in court.  The defendant's counsel urged that the justice had no right to depute

---

(<i>a</i>) See the case of <i>Andrews</i> v. <i>Thorp, post.</i>

a person to serve a summons, and that the service was not legal. This objection was overruled, and an exception taken. The plaintiff complained upon a promissory note. The defendant, before answering, repeated his objections to the jurisdiction of the court. He then, although still insisting on his objections, pleaded a general denial, with payment and set off.

The cause was adjourned, on the defendant's motion, to another day, when the defendant's counsel offered to prove, by the oath of the person deputed, (Hifferson,) that he was not a constable nor marshal at the time of the alleged service, and that he did not make any due or sufficient service. This offer was overruled by the justice, on the ground that Hifferson was *pro hac vice* a duly authorized person to make the service, and that his return was conclusive that the service had been properly made ; to which decision the defendant's counsel excepted, and stated that he did not waive his objection by proceeding in the cause.

A trial was then had upon the merits, and judgment rendered for the plaintiff. The defendant appealed.

*D. Marvin*, for the appellant.

*D. McMahon, jr.*, for the respondent.

By THE COURT. INGRAHAM, FIRST J.—The defendant in this case objected to the service of the summons, upon the ground that the same was served by a person deputed by the justice, who was not a constable.

This objection was overruled by the justice. He then in his answer renewed the objection, and also answered as to the merits. The justice again disregarded the objection to the jurisdiction, and the cause was tried upon the merits.

1st. We have heretofore held, that where a defendant pleads to the jurisdiction, that is a plea in abatement ; and if he wants to have that question reviewed, he cannot plead to the merits. And that if a defendant unites, in one plea or answer, matter in abatement and also matter in bar, the court may disregard

the former, and try the cause upon the merits. The one defence is inconsistent with the other, and the judgments to be rendered are different. (*Lighter* v. *Haskins*, Nov. G. T. 1851.)

2d. The plea to the jurisdiction was also properly overruled. The statute expressly authorizes the justice to make the deputation, either in the justice's court or marine court, and the objection taken by the defendant in the court below was entirely groundless. (2 R. L. 1813, p. 384, § 117.)

Judgment affirmed with costs.